IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| THOMAS PARKER and THERESA PARKER ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 11-05043-CV-DGK |
| ) | |
| CHASE HOME FINANCE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This suit arises out of the foreclosure of Plaintiffs' property. Now pending before the Court are Motions to Dismiss for Failure to State a Claim on behalf of Defendant Millsap & Singer, P.C. (Doc. 10) and Defendant JPMorgan Chase Bank, National Association (Successor by merger to Chase Home Finance, LLC) (Doc. 8). Both Defendants seek dismissal as to all claims asserted against them in Plaintiffs' "First Amended Petition to Set Aside Foreclosure And For Damages" pursuant to Fed. R. Civ. P. 8 and 12(b)(6). If its Motion to Dismiss is not granted, Defendant Millsap & Singer alternatively moves to strike portions of the Complaint pursuant to Fed. R. Civ. P. 12(f). Plaintiffs did not respond to any of these motions.

For the following reasons, the Court holds that all counts against Millsap & Singer, P.C. and JPMorgan Chase Bank, National Association (Successor by merger to Chase Home Finance, LLC) should be dismissed for failure to comply with Fed. R. Civ. P. 8 and 12(b)(6). Thus, Defendants' Motions are GRANTED and all claims are DISMISSED WITHOUT PREJUDICE.

1

**Factual Background**

This suit arises out of the January 4, 2011 foreclosure of Plaintiffs' property located at 9 Rocky Ridge Road in Lampe, Missouri. On February 23, 2011, Plaintiffs filed an action in the Circuit Court of Stone County, Missouri seeking to set aside the foreclosure as unlawful and to receive damages. The original complaint named four defendants (Chase Home Finance, LLC ("CHF"); Millsap & Singer, P.C. ("Millsap & Singer"); Deutsche Bank National Trust Company ("Deutsche"); and WAMU Series 2007-HE1 Trust ("WAMU")) and alleged five counts collectively against all defendants: fraud, wrongful foreclosure, fair debt collection practices act, accounting, and unjust enrichment.

On March 31, 2011, before any defendant had filed a responsive pleading, Plaintiffs filed a "First Amended Petition to Set Aside Foreclosure And For Damages" ("FAP"). The FAP is identical to the original petition with a few notable exceptions including the addition of a quiet title claim and an injunction claim against all defendants and a breach of fiduciary duty/malpractice claim against Defendant Millsap & Singer.

On April 22, 2011, CHF removed the action to the United States District Court for the Western District of Missouri (Doc. 1). Plaintiffs have served process on both CHF and Millsap & Singer and have specifically requested that process not be issued with respect to Defendants Deutsche and WAMU. On May 1, 2011, CHF merged with and into JPMorgan Chase Bank, National Association ("Bank"). Therefore, CHF's Motion to Dismiss is now filed by its successor, Bank.

**Plaintiffs' First Amended Petition to Set Aside Foreclosure And For Damages**

In their FAP, Plaintiffs allege that on February 12, 2007, they signed a Deed of Trust in the amount of $114,000 in favor of Washington Mutual Bank on property located in Stone

County, Missouri (Doc. 9-2, ¶¶ 7–9). The original Trustee was Ozark Mountain Title. *Id*. ¶ 9. Plaintiffs then allege that on November 20, 2007, Millsap & Singer sent a Notice of Trustee's Sale noting that the legal holder of the note had exercised its power of acceleration; Plaintiffs claim the letter did not indicate under whose power the sale was exercised. *Id*. ¶ 10. On September 25, 2008 Plaintiffs indicate that Washington Mutual Bank was closed by the Office of Thrift Supervision of the U.S. Government. *Id*. ¶ 12. Plaintiffs allege that in February of 2009, Millsap & Singer instructed them to make a $12,000 check payable to Washington Mutual to "catch their loan up, despite that bank having been closed for months." *Id*. ¶ 13. On November 5, 2010, Plaintiffs allege that Millsap & Singer attempted a foreclosure sale, bidding in the sale on behalf of their other client, Deutsche Bank. *Id*. ¶ 14. Plaintiffs then claim to have written a letter to Millsap & Singer declaring the sale "void." *Id*. ¶16.

Plaintiffs further allege that under the terms of the Deed of Trust, Washington Mutual is the "Lender" on the loan and is, therefore, the only entity entitled to invoke the power of sale. *Id*. ¶25. They also contend that neither the Loan Servicer nor the Trustee have the power to bring an action for foreclosure in their own names. *Id*. ¶ 28. Plaintiff maintains that Millsap & Singer has acted unethically, serving as both attorney for the mortgagee and as Trustee for the property and refusing to remove itself from either position or to act in a manner consistent with its duty as Trustee. *Id*. ¶ 43. Furthermore, Plaintiffs allege that Defendants "Chase Home Finance, Deutsche Bank, and Millsap & Singer do not now and did not, at the time of the foreclosure, own the mortgage, the mortgage note, any security agreements, nor have the requisite power to represent the real party in interest." *Id*. ¶ 59. In particular, they allege that Millsap & Singer "did not have the current authority to proceed with the sale of foreclosure, nor

to defend the claims of the Plaintiffs because of events subsequent to closing that changed both the ownership and authority of the subject note and mortgage." *Id.* ¶ 60.

**Standard**

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, the court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). Rather, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations," a plaintiff must provide the grounds of his entitlement with more than mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545 (internal citations omitted)). A complaint that alleges only "naked assertion[s] devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Rule 8(a) also requires the plaintiff to give each defendant sufficient notice of the claims against it. *Tatum v. State of Iowa*, 822 F.2d 808, 809-10 (8th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957). To put an individual defendant on sufficient notice of the claims against it, a plaintiff must explain each defendant's involvement by informing the defendant of the alleged acts of which it is accused that could result in that defendant's liability.

*Frey v. Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995). Where a complaint fails to do this, it fails under even the most liberal pleading standard. *Id*.

## Discussion

**A. Plaintiffs fail to state a claim as to all eight counts against Defendant Millsap & Singer.**

Millsap & Singer argues that Plaintiffs' Complaint consists of nothing more than labels, conclusions, and "recitations to legal allegations," and that it therefore fails to state a claim upon which relief can be granted. Millsap & Singer also asserts that Plaintiffs fail to state a single allegation of fact showing that Defendant is liable for any alleged violation. This Court agrees and finds that Plaintiffs have failed to state a claim for any of the eight causes of action against Defendant Millsap & Singer.

As a preliminary matter, the Court notes that many of Plaintiffs' allegations are based on their position, set forth in paragraph 63 of their petition, that "[t]he sole owner of the property are the Plaintiffs, who hold the property in fee simple with no liens thereon" (Doc. 9-2, ¶ 63). The basis of this claim is Plaintiffs' assertion that "when Washington Mutual sold Plaintiff[s'] first Mortgage note without an assignment of Deed of Trust at the time of the note's sale, Plaintiff[s'] first mortgage note became an unsecured note" *Id*. ¶ 53.

However, Defendants state that on November 29, 2007, Millsap & Singer was appointed successor Trustee in a document recorded with the Stone County Recorder. Defendants submit a copy of the Successor Trustee Appointment as evidence (Doc. 11) and request that the Court take judicial notice of this document as a public record on file with the Recorder of Deeds. Defendants argue that this evidence demonstrates that Defendants had a right to foreclose on the disputed property, and therefore, each of Plaintiffs' claims should be dismissed for failure to state

a claim. Although Courts must generally ignore materials outside the pleadings when considering a motion to dismiss, it may consider materials that are part of the public record. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Here, the Court finds that records from the Recorder of Deeds are public records and may be considered in deciding the pending motions to dismiss.

Plaintiffs have failed to respond to Millsap & Singer's motion by disputing the authenticity of the Successor Trustee Appointment, challenging the Court's consideration of this public record for purposes of deciding the instant motions, or providing citations to Missouri law challenging the Defendant's ability to foreclose on the subject property pursuant to its duty as Trustee. Rather, Plaintiffs rely solely on generalized allegations that Millsap & Singer has no authority to proceed with the foreclosure sale.

1. **Count I, Fraud**

In a complaint alleging fraud, Rule 9(b) requires that allegations of fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the Rule 9(b) requirement, a plaintiff must plead matters including the time, place, contents of the false representation, the identity of the person making the misrepresentation, and what was gained or lost based on the misrepresentation. *United States* ex rel. *Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

The Court finds that Plaintiffs fail to plead with particularity their fraud claim. To establish a claim for fraud, Plaintiffs must allege and prove: 1) defendant represented or concealed facts; 2) the representation was false when made; 3) the misrepresentation or concealment was material to the transaction at issue; 4) the representation was false or the

defendant knew the representation was not true; 5) defendant intended plaintiff to act on the representation; 6) plaintiff did not know the representation was false; 7) plaintiff reasonably relied on the truth of the representation; and 8) the misrepresentation caused identifiable injury. *O'Neal v. Stifel, Nicolaus & Co.*, 996 S.W.2d 700, 703 (Mo. Ct. App. 1999).

In the present case, the Court finds that Plaintiffs failed to sufficiently allege any facts showing that Defendant represented or concealed facts to Plaintiffs or that these representations were false or were material to any transaction at issue. In addition, Plaintiffs fail to identify the "time, place, and contents of the defendant's false representations," or "who engaged in them and what was obtained as a result." *United States* ex rel. *Joshi*, 441 F.3d at 556. Accordingly, the Court finds that Plaintiffs failed to satisfy the eight elements of fraud as required by Missouri law, and, therefore, this claim must be dismissed.

**2. Count II, Quiet Title**

The Court also finds that Plaintiffs fail to allege sufficient facts to state a claim with regard to Count II, Quiet Title. Plaintiffs' allegations with regard to this count are: Defendants have "no right, title, or interest in this subject property" because "the note and the deed of trust have been severed" leaving Defendants with an unsecured note against Plaintiffs; "Defendants have failed to prove that they can produce the original note;" and Defendants "have failed to show they have an interest under the note" (Doc. 9-2, ¶ 62).

Under Missouri law, any person claiming title or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property . . . ." Mo. Rev. Stat. § 527.150(1). To state a cause of action to quiet title, a plaintiff must prove: (1) ownership of the described real estate; (2) that the defendant claims title or interest in the subject premises; and (3) such claim is adverse and prejudicial to plaintiff.

*Howard v. Radmanesh*, 586 S.W.2d 67, 68 (Mo. Ct. App. 1979) (citing *Randall v. St. Albans Farms, Inc.*, 345 S.W.2d 220, 221 (Mo.1961)).

As discussed above, Plaintiffs offer no proof for their assertions that Millsap & Singer have no interest in the subject property and had no right to foreclose on it. In addition, Plaintiffs fail to allege that they were not in default. Accordingly, the Court finds that Plaintiffs fail to allege facts sufficient to sustain a claim for Quiet Title, and the claim must be dismissed. *See Kulovic v. BAC Home Loans Servicing, L.P.*, No. 4:10–CV–2058 CAS, 2011 WL 1483374, at *2 (E.D. Mo. April 19, 2011).

### 3. Count III, Wrongful Foreclosure

Plaintiffs fail to allege facts necessary to prove the elements of wrongful foreclosure. To be successful on a wrongful disclosure claim, a plaintiff seeking damages must plead and prove that there was no default when the foreclosure procedure began and that there was no subsequent default that would give rise to the right to foreclose. *Dobson v. Mortg. Electronic Registration Sys.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Because Plaintiffs have failed to allege that their mortgage was not in default when the foreclosure proceeding began, they fail to satisfy the requirements necessary to plead this cause of action.

### 4. Count IV, Fair Debt Collections Practices Act

Plaintiffs' claim that Millsap & Singer violated the FDCPA also fails for failure to state claim. The FDCA was designed to "protect consumers from abusive debt practices" and to "protect ethical debt collectors from competitive disadvantage." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006). As such, the act prohibits debt collectors from using false, deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect debt. 15 U.S.C. § 1692(d) and (e). An entity's performance of its duties as trustee does not

8

necessarily constitute the trustee as a "debt collector" such that it is subject to the Act. *See Williams v. Trott*, 822 F. Supp. 1266, 1268 (E.D. Mich. 1993).

Plaintiffs' claims are based on allegations that Defendants had no interest in the subject property, and, therefore, were not entitled to foreclose on it. As noted above, however, Millsap & Singer provided evidence that it was successor Trustee of the property, and Plaintiffs fail to allege facts sufficient to prove that as Trustee, Millsap & Singer lacked authority to foreclose. In addition, Plaintiffs allege no facts suggesting that any of Millsap & Singer's communications were false, deceptive, misleading, or unfair. Here, Millsap & Singer was acting in its capacity as trustee, not debt collector. In executing the power of sale provision under the Deed of Trust, Defendant was merely acting at the request of the mortgagee. Plaintiffs fail to allege any facts suggesting that Millsap & Singer was acting in a capacity as a debt collector, and accordingly this claim must be dismissed against them.

5. **Count V, Accounting**

The Court also finds Plaintiffs' claim for accounting fails to state a claim. A party is entitled to an order for an accounting of its debt when there is a bona fide dispute regarding the amount of indebtedness. *White v. Mid-Continent Invs., Inc.*, 789 S.W.2d 34, 40 (Mo. Ct. App. 1990). Here, however, there is no dispute regarding the amount of indebtedness. Rather, there is a dispute regarding the right of Millsap & Singer to collect the indebtedness in the first instance. Thus, the action for accounting is ancillary to the main issue of determining whether Millsap & Singer properly foreclosed on the property. In addition, Plaintiff seeks this information to "ascertain the actual state of its alleged loan" (Doc. 9-2, ¶ 76). Millsap & Singer, however, is not the party from whom an accounting would provide information on the "state of [Plaintiffs'] alleged loan" since it has no interest in the funds of the sale. Furthermore, Plaintiffs fail to state

any legal basis for their claim and fail to specify what information they seek and from whom it is sought. Accordingly, this claim is dismissed.

### 6. Count VI, Unjust Enrichment

To establish the elements of unjust enrichment, the plaintiff must prove: 1) that it conferred a benefit on the defendant; 2) that the defendant appreciated the benefit; 3) that the defendant accepted and retained the benefit under inequitable and/or unjust circumstances. *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006). At a minimum, Plaintiffs must allege what benefit they have conferred upon Defendants. Because they fail to do that, this claim must be dismissed.

### 7. Count VII, Breach of Fiduciary Duty/Malpractice

A trustee in a foreclosure proceeding is an agent acting on behalf of both a mortgagor and mortgagee and owes a duty of fairness and impartiality to both. *Boatmen's Bank of Jefferson Cnty. v. Cmty. Interiors, Inc*., 721 S.W.2d 72, 76 (Mo. Ct. App. 1986). Plaintiff alleges that Millsap & Singer breached its fiduciary duty by: appointing itself as successor Trustee, failing to require Washington Mutual Bank to produce the original note, and failing to allow Plaintiffs to examine documents connected with the foreclosure. These allegations, however, are without legal and factual support. Plaintiffs allege no facts showing that Millsap & Singer did in fact appoint itself as trustee; Millsap & Singer, on the other hand, produces evidence that Deutsche Bank made this appointment. In addition, Plaintiffs produce no legal support underlying their contention that Defendant must require Washington Mutual Bank to produce the original note or to allow Plaintiffs to examine documents connected with the foreclosure. Without legal and factual assertions supporting their position, the Court must dismiss this claim.

### 8. Injunction

Plaintiffs' claim for an injunction must be dismissed because Plaintiffs have failed to provide any legal basis upon which an injunction may be granted. Accordingly, all eight counts against Defendant Millsap & Singer must be dismissed.

### B. Plaintiffs fail to state a claim as to all seven counts against Defendant CHF.

Also pending before the Court are seven claims against Defendant CHF: fraud, quiet title, wrongful foreclosure, FDCPA, accounting, unjust enrichment, and injunction. CHF argues that Plaintiffs have failed to state a plausible claim for relief against them on any of these seven claims under *Twombly* and its progeny. In particular, CHF argues that Plaintiffs state no factual allegations showing that CHF had any involvement with the foreclosure of the subject property. It further argues that the FAP is "wholly devoid of any material factual allegations against CHF as an individual defendant" (Doc. 9). As a result, it argues that Plaintiffs have failed to meet the Rule 12(b)(6) requirement to state a claim and the Rule 8 pleading standard.

The Court agrees and finds that Plaintiffs have failed to state a claim for relief under Rule 12(b)(6) and have failed to allege specific facts to put CHF on notice as to the acts of which it is accused that could result in its individual liability. *Frey*, 44 F.3d at 672.

As Defendant notes, in the eighty-eight paragraphs that comprise Plaintiffs' complaint, CHF is mentioned only sixteen times. Of these sixteen references, only three refer to CHF by name; the other references apply to CHF only because they refer to Defendants as a collective group. The three CHF-specific allegations, even if taken as true, show nothing more than that 1) CHF is an entity headquartered in New Jersey; 2) CHF does not have any right or interest in the Deed of Trust at issue in this case; and 3) that in November 2010, Defendant Millsap & Singer sent Plaintiffs a letter indicating that CHF was committed to helping homeowners stay in their

homes. These three allegations provide no information regarding CHF's involvement in the foreclosure at issue and are wholly insufficient to sustain any of the seven claims brought against CHF.

The thirteen general references to Defendants as a group also fail, individually and collectively, to state a claim against CHF according to Rule 12(b)(6) or Rule 8. Rule 8 requires Plaintiff to provide CHF with notice of how each non-specific allegation against it is applicable. Here, Plaintiffs have failed to do so. Rather, the non-specific allegations are generalized, conclusory, and unsupported by assertions of material fact. For example, in setting forth its allegations of FDCPA violations, Plaintiff fails to inform CHF as to which of the violations, if any, Plaintiff attributes to CHF. It also fails to provide the factual basis for these allegations. Similarly, in alleging that the foreclosure of the subject property was wrongful, Plaintiffs fail to provide any factual allegations that CHF was involved in the foreclosure, took any actions in connection with the foreclosure, or had the authority to remove Plaintiffs from their home.

All other counts against CHF are similarly deficient in that they fail to allege any facts supporting the conclusion that CHF was involved in the violations at issue. Accordingly, as the FAP is devoid of factual allegations supporting the claims against, Plaintiffs fail to state a claim upon which relief can be granted, and all counts must be dismissed as to CHF.

## Conclusion

Viewing the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff, the Court concludes that all claims against Defendants Millsap & Singer and JPMorgan Chase Bank, National Association must be dismissed. Defendants' 12(b)(6) Motions to Dismiss are GRANTED as to all counts. Dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: October 19, 2011                              /s/ Greg Kays_____
                                                     GREG KAYS,
                                                     UNITED STATES DISTRICT JUDGE